# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOHN JOSEPH CASTELLANO,<br><br>                Plaintiff,<br><br>v.<br><br>STATE OF WISCONSIN OF THE DEPARTMENT OF CORRECTIONS and DIVISION OF COMMUNITY CORRECTIONS,<br><br>                Defendants. | Case No. 20-CV-86-JPS<br><br>**ORDER** |

Plaintiff[1] filed this action *pro se* on January 17, 2020. (Docket #1). This matter comes before the court on Plaintiff's motion to proceed *in forma pauperis*. (Docket #3). In order to allow a plaintiff to proceed without prepaying the filing fee, the Court must first decide whether the plaintiff has the ability to pay the filing fee and, if not, whether the lawsuit is frivolous. 28 U.S.C. § 1915(a), (e)(2)(B)(I). On the first question, Plaintiff avers that he is unemployed, separated, and collects Social Security and other forms of government assistance. (Docket #3 at 1, 3). His total monthly income is about $928.00. *Id.* at 3. Plaintiff rents a home, and pays $795.00 in rent. *Id.* His expenses total approximately $855.00. *Id.* at 5. The Court is satisfied that Plaintiff would be unable "to provide himself . . . with the necessities of life" if required to pre-pay the $400.00 filing fee in this matter.

---

[1] Plaintiff's first three submissions to the Court indicate that he is the only plaintiff. *See* (Docket #1, #2, #3). However, his second motion for a temporary restraining order, (Docket #5), adds another plaintiff, Gary Marshall. This is improper. If Plaintiff wishes to add parties to the litigation, he must file an amended complaint.

*Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). The Court will therefore allow Plaintiff to proceed *in forma pauperis*.

However, notwithstanding the payment of any filing fee, the Court must dismiss the complaint of a person proceeding *in forma pauperis* if it raises claims that are "frivolous or malicious," which fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must

contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff has not filed a complaint in the traditional sense, but a motion for a temporary restraining order and a brief in support thereof. (Docket #1, #2). Plaintiff explains that he must undergo polygraph tests, or "lie detector" tests, as a condition of parole in a Wisconsin state sex offender sentence. (Docket #2). He believes that these tests are "unethical" and a violation of his Fifth Amendment right to be free from self-incrimination. *Id.* at 7. He also alleges that, as a sex offender, he has no control over his mind, and as a result he should not be punished for his thoughts, in violation of the First Amendment. *Id.* at 3–4.

Plaintiff alleges that the Wisconsin Department of Corrections' polygraph tests may result in a sex offender being terminated from a sex offender program, which he or she must complete in order to stay on parole. *Id.* at 1–2. Plaintiff explains that he is an "unwitting victim[]" who "cannot reasonably avoid injury" because he is "unlikely to understand the nuances of the Polygraph Machine" or the ways that it is administered. *Id.* at 2. He also suspects that the polygraph machines may be institutionally biased, poorly calibrated, or relying on outmoded question format, which would make it appear that Plaintiff is lying even though he is not. *Id.* at 2–3. Most of Plaintiff's brief in support of his motion for a temporary restraining order discusses the myriad shortcomings and deficiencies of polygraph tests.

Perhaps because polygraph tests are widely understood to be unreliable, neither the polygraph results nor the interpretation of the results can be used at parole revocation hearings or in criminal proceedings in Wisconsin. *Id.* at 7. However, if a parolee admits guilt during the course of the polygraph test, then he or she may have his or her parole revoked. *Id.* at 7–8. Additionally, if a parolee fails a polygraph test and cannot explain why he or she failed to the satisfaction of his program group leader, then he or she will be terminated from the treatment group, and will be in violation of parole. *Id.* Plaintiff reasonably wonders: if polygraph tests are so widely held to be inaccurate, then why must he take one as a condition of his parole?

The Seventh Circuit routinely upholds polygraph test requirements for federal defendants on supervised release because they are seen to encourage truth telling and honest self-assessment. *United States v. Kappes*, 782 F.3d 828, 855–56 (7th Cir. 2015) (upholding polygraph testing requirement for a defendant on supervised release, noting that "[a]

defendant on supervised release retains the privilege to invoke his Fifth Amendment rights."); *United States v. Brewster*, 627 Fed. App'x 567, 571 (7th Cir. 2015) (finding a polygraph requirement in conditions of supervised release appropriate where defendant demonstrated a "lack of honest self-assessment") (quotations omitted); *United States v. Warren*, 843 F.3d 275, 284 (7th Cir. 2016) (upholding district court's determination that polygraph tests can help obtain "more complete sexual history, help the defendant to confront the full context of his crime. . .[and] monitor his ongoing compliance.").

The Tenth Circuit has held that requiring a defendant to answer specific questions under a polygraph test, or risk return to prison, violated the defendant's Fifth Amendment's protections against compelled self-incriminating testimony. *United States v. Von Behren*, 822 F.3d 1139, 1148 (10th Cir. 2016) (concluding that "the government's threat to revoke [plaintiff's] supervised release for his failure to answer potentially incriminating questions [on a polygraph test] rises to the level of unconstitutional compulsion" in violation of the Fifth Amendment). Similarly, *Kappes* suggests that if a defendant were prevented from invoking his Fifth Amendment right when faced with specific questions on a polygraph test, this might implicate the Fifth Amendment. However, those are not the facts or circumstances alleged here. Plaintiff does not claim that he is or has been prevented from invoking his Fifth Amendment right when faced with specific questions. Rather, he challenges the entire practice of polygraph use on sex offenders. Seventh Circuit law is clear that polygraph testing is a permissible requirement of convicted sex offenders as long as they are permitted to invoke their Fifth Amendment right. *See*

*Kappes*, 782 F.3d at 855–56. Accordingly, Plaintiff has not stated a claim that his Fifth Amendment rights were violated.

Plaintiff also fails to state a claim for a violation of his First Amendment rights. Plaintiff says, in a conclusory fashion, that the polygraph tests—and the "unending years of treatment"—interfere with his First Amendment right to "freedom of the mind" and "freedom of thought." (Docket #2 at 4). The "First Amendment bars the government from dictating what we see or read or speak or hear." *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 245 (2002). Plaintiff is free to think however he wants. His therapy program, however, is designed to curb thoughts and behaviors that might have devastating—and criminal—outcomes. Plaintiff does not explain how a requirement that he submit to polygraph testing restricts his *speech*, nor does he contend with the fact that the First Amendment has its limits, which include "defamation, incitement, obscenity, and pornography produced with real children." *Id.* at 246. Accordingly, Plaintiff has failed to state a violation of his First Amendment rights.

For these reasons, Plaintiff's motion for a preliminary injunction or temporary restraining order also must be denied. Plaintiff has not met the threshold requirement of a preliminary injunction or restraining order, which requires a showing of the following: "1) a likelihood of success on the merits, 2) irreparable harm if the preliminary injunction is denied, and 3) the inadequacy of any remedy at law." *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

In light of these deficiencies, Plaintiff's complaint must be dismissed. The Court will, however, afford him an opportunity to file an amended complaint which states valid claims. If Plaintiff wishes to proceed, he must file an amended complaint on or before **March 6, 2020**. Failure to file an

amended complaint within this time period will result in dismissal of this action. Civ. L. R. 41(c).

The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the Court of Appeals emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted). If an amended complaint is received, the Court will screen it pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS ORDERED** that Plaintiff's complaint (Docket #1) be and the same is hereby **DISMISSED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for a temporary restraining order (Docket #5) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint in accordance with the terms of this Order on or before **March 6, 2020**, or this action will be dismissed without prejudice for his failure to prosecute it.

Dated at Milwaukee, Wisconsin, this 14th day of February, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge